IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| CHRISTOPHER WHITLEY, <br> TDCJ-CID No. 02227027, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § | 2:19-CV-064-Z-BR |
| | § | |
| BRIAN COLLIER, *et al.*, | § <br> § | |
| Defendants. | § <br> § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Whitley ("Plaintiff"), acting *pro se* and while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, filed this Complaint pursuant to 42 United States Code § 1983, and has been granted permission to proceed *in forma pauperis*. Having reviewed the pleadings and relevant law, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges Defendant Brian Collier (TDCJ Executive Director), Defendant Lorie Davis (TDCJ Director of the Institutional Division), Defendant No First Name ("N.F.N.") Penney (Senior Warden of TDCJ Neal Unit), Defendant N.F.N. Korentino (employee at TDCJ Neal Unit), and Defendant N.F.N. Gonzales (employee at TDCJ Neal Unit) violated Plaintiff's constitutional rights by improperly denying grievances, limiting access to the grievance process, and by denying inmates a clean and sanitary living environment and adequate meal time. *See* ECF No. 3 at 4–9.

Plaintiff alleges the following:

- Plaintiff submitted an inmate request to grow his beard for religious purposes and his request was denied. *Id.* at 4. Plaintiff asserts the denial constitutes discrimination "even if [Plaintiff] has no religion," although he is a professed Christian. *Id.*

- Plaintiff — due to physical weakness — is not able to obtain a seat in the dayroom during recreation times. *Id.* at 6. Plaintiff claims there is room to add tables for more seating, but TDCJ refuses to do so. *Id.*

- Plaintiff is indigent and cannot afford deodorant. Plaintiff's lack of deodorant leads to bullying by other inmates. *Id.*

- Plaintiff gets into "trouble" because he cannot wake up on time to get to his appointments or lay in appointments. *Id.* Plaintiff asserts that if he had money, he could buy a fan or an alarm and prevent getting disciplinary cases for infractions related to these issues. *Id.* Plaintiff asserts he received a disciplinary case on March 22, 2019, because he did not have an alarm clock. *Id.* at 7. Plaintiff claims, "I have no way to prove that the guards violated policy by not opening the [cell] doors, and cameras would work but if wired to a third party, to prove the corruption." *Id.*

- Although TDCJ policy allows 20 minutes for mealtime, Plaintiff only gets about six to ten minutes to actually eat his food. *Id.* at 6–7. Plaintiff asserts this is due to corruption at the TDCJ unit. *Id.* at 7.

- TDCJ officials treat Plaintiff like he is "not human." *Id.*

- Plaintiff must use a toilet "sink" in the dayroom because he cannot get to his cell to use the restroom during recreation. *Id.* Plaintiff asserts that 88 other prisoners urinate in this sink, and he is exposed to this when he must use the restroom. *Id.* Plaintiff asserts that a urinal is needed in the breakroom. *Id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

### ANALYSIS

Plaintiff's claims against Defendants Collier, Davis, and Penney allege these TDCJ supervisors failed to adequately investigate his complaints and grievances. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner lacks a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, Plaintiff's claims against these Defendants do not state a constitutional claim and are **DISMISSED WITH PREJUDICE**.

Although Plaintiff claims that he was wrongfully denied the right to grow a beard, his legal claim is against Defendant Collier for denying his grievance about this issue. Plaintiff acknowledges that other Christians at his TDCJ unit are allowed to grow a beard. *See* ECF no. 3 at 4, 9 ("I am Christian, + 1000's of Christians got a beard pass in TDCJ…"). Further, Plaintiff does not *claim* the denial was based on his religion. Nor does Plaintiff claim there is a policy at his TDCJ unit that interferes with an inmate's ability to *seek* permission to grow a beard. *See id.*

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Plaintiff references disciplinary convictions based on hygiene issues. Yet Plaintiff does not specify the reason his beard request was denied. Absent any of these allegations, Plaintiff's complaint does not state any claims for First Amendment deprivations, Eighth Amendment violations, or violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 114 Stat. 804, 42 U.S.C. § 2000cc-1(a)(1)-(2); *cf. Holt v. Hobbs*, 574 U.S. 352, 361 (2015) (holding that beard restrictions may infringe on sincerely held religious beliefs and a grooming policy may substantially burden the exercise of religion in some instances).

Further, Plaintiff's claims against these Defendants are based entirely on supervisory liability. In Section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Thus, Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**.

Plaintiff's remaining claims allege deprivations based on unsanitary and inhumane living conditions, including lack of access to deodorant, an alarm clock, seating in the dayroom, a urinal in the breakroom, and inadequate time to consume lunch. *See* ECF No. 3 at 4–7. These claims do

not rise to the level of a constitutional violation. Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (quoting 42 U.S.C. § 1983).

The Eighth Amendment protects inmates from cruel and unusual punishment and "requires prison officials to provide 'humane conditions of confinement,' ensuring that 'inmates receive adequate food, clothing, shelter, and medical care.'" *Palmer v. Johnson*, 193 F.3d 346, 351–52 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 932 (1994)). To demonstrate that a prison official violated the Eighth Amendment, the plaintiff must establish that the official was deliberately indifferent to a substantial risk of serious harm. *Id.* Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

A prison official may not be held liable under this standard unless the plaintiff demonstrates that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* at 838. Here, Plaintiff suffered nothing more than annoyance and discomfort. Plaintiff fails to allege he was exposed to conditions which have resulted in substantial risk of serious harm to his health or safety. Plaintiff fails to allege the Defendants were deliberately indifferent. Moreover, Plaintiff's conclusory allegations

describe uncomfortable conditions of confinement — not the deprivation of a minimum measure of life's necessities. *See Johnson v. Tex. Bd. of Crim. Just.*, 281 F. App'x 319, 321 (5th Cir. 2008); *see also Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Thus, Plaintiff's claims against these Defendant are **DISMISSED WITH PREJUDICE** as frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(a), the Court **DISMISSES** Plaintiff's Complaint brought under 42 U.S.C. § 1983 **WITH PREJUDICE** as frivolous.

**SO ORDERED.**

June 7, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE